# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: E.D.**

**No. 14-1072** (Jackson County 13-JA-39)

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Keisha May, appeals the Circuit Court of Jackson County's September 19, 2014, order terminating his parental rights to seven-year-old E.D. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the child that supports the circuit court's order. On appeal, Petitioner Father argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2013, the DHHR filed an abuse and neglect proceeding against petitioner alleging that he failed to provide the child with proper food, clothing, shelter, supervision, medical care, or education. The petition also alleged that petitioner was arrested for manufacturing methamphetamine. Further, petitioner admitted to a history of substance abuse. In August of 2013, the DHHR filed an amended petition that alleged that petitioner failed to provide E.D. with emotional and financial support and had not consistently seen E.D. for an extended period of time.

The circuit court held an adjudicatory hearing in September of 2013, during which petitioner admitted that his substance abuse impaired his parenting ability and that he failed to provide financial and emotional support to E.D. Accordingly, the circuit court adjudicated petitioner as an "abusive and neglectful" parent. The following month, the circuit court granted petitioner a post-adjudicatory improvement period. The terms required that petitioner submit to a psychological and substance abuse evaluation, participate in parenting services and adult life skills classes, attend Alcohol Anonymous/Narcotics Anonymous meetings, attend individualized therapy, abstain from alcohol and drugs, and maintain contact with the DHHR.

In November of 2013, the circuit court sentenced petitioner to a term of incarceration of one to five years for conspiracy related to his arrest for manufacturing methamphetamines. The circuit court suspended petitioner's sentence and placed him on home incarceration. In January of 2014, petitioner tested positive for Suboxone and marijuana. By order entered January 30,

1

2014, the circuit court revoked petitioner's home incarceration and imposed the previously suspended sentence of one to five years in prison.

In May of 2014, the DHHR filed a motion to revoke petitioner's improvement period and to terminate his parental rights. Thereafter, the circuit court held a series of dispositional hearings to take evidence on the DHHR's motion. A Child Protective Services worker testified that petitioner failed to comply with the terms of his improvement period. The worker also testified that petitioner failed to contact the DHHR for two months while he was on home incarceration. Petitioner testified that he does not have a home for E.D., that he did not fully comply with the terms of his improvement period, and that he has not seen E.D. for eighteen months. Importantly, despite knowing that he was required to maintain contact with the DHHR as part of his improvement period, petitioner testified that he did not contact the DHHR or participate in any services for two months while he was on home incarceration. Petitioner also testified that he tested positive for Suboxone and marijuana while released on home incarceration. Finally, petitioner testified that he has three other children with whom he has no contact. After considering the evidence, the circuit court terminated petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights.

Petitioner argues that the circuit court abused its discretion in terminating his parental rights because the evidence upon which the termination was based was not clear and convincing. Petitioner also asserts that the circuit court based its termination of his parental rights upon his failure to complete his improvement period and his incarceration. We disagree. "[W]hile an individual's incarceration may be a criterion in determining whether his/her parental rights should be terminated, other factors and circumstances impacting his/her ability to remedy the conditions of abuse and neglect should also be considered when making such a disposition." *In re Emily*, 208 W.Va. 325, 559, 540 S.E.2d 542, 342 (2000). The evidence introduced during the multiple dispositional hearings supports termination. That evidence was not based on petitioner's

incarceration. At these hearings, the circuit court heard testimony that petitioner failed to comply with the terms of his improvement period. Further, petitioner admitted that he did not fully comply with the terms of his improvement period, has not seen E.D. for eighteen months, failed to maintain contact with the DHHR, failed to participate in services for two months while he was on home incarceration, tested positive for Suboxone and marijuana, and does not have contact with three other children.

Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse and neglect includes one where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child . . . ." As noted above, it is clear that the circuit court had ample evidence upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of his parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 19, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II